**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

BRELAND & FARMER DESIGNERS, INC.                                            PLAINTIFF

v.                                         No. 3:09CV00017 JLH

PETE CANCILLA; TIM K. WATSON;
JOSH BROWN; and TAUSHA VOWELL                                              DEFENDANTS

**OPINION AND ORDER**

Breland & Farmer Designers, Inc., commenced this action against Pete Cancilla, Tim Watson, Josh Brown, and Tausha Vowell[1], alleging non-willful infringement or, in the alternative, willful infringement with a copyrighted blueprint design of a residential home. Breland & Farmer has filed a motion for partial summary judgment on its claims against Pete Cancilla and Josh Brown. Cancilla and Brown have responded, and Breland & Farmer has replied. For the following reasons, Breland & Farmer's motion for summary judgment is granted in part and denied in part.

**I.**

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party

---

[1] The complaint names Tausha Vowell as a separate defendant. Apparently, Tausha Vowell is also Natasha Brown, who is or was married to defendant Josh Brown. Brown and Vowell moved into the residential property at issue in this case.

meets its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting FED. R. CIV. P. 56(e)) (emphasis in original). A genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

## II.

Breland & Farmer Designers, Inc., is a Florida corporation engaged in the business of architectural design. In the course of its business, Breland & Farmer has secured copyrights in various blueprint designs, including the blueprint design at issue in this case: EE-1105. EE-1105 is a set of detailed architectural drawings that a contractor could use for building a house. Since December 24, 1996, Breland & Farmer has had a registered copyright pursuant to 17 U.S.C. § 410(a) on EE-1105, which is, as noted, a detailed blueprint for a residential home. There is no dispute Breland & Farmer had a valid copyright on EE-1105 during the relevant time period of the defendants' actions in this case.

The individual defendants all reside in Paragould, Arkansas. Pete Cancilla's parents inherited an acre of land, which they then deeded to Cancilla so he could subdivide it and build two residential homes on the property. Cancilla hired Tim Watson as the builder. Cancilla researched house floor plans on the internet, and came across a floor plan that he decided to use.[2]

---

[2] In his deposition testimony, Cancilla admitted that some of the floor plans had copyrighted information on them, and some did not. He did not recall which websites he searched. Breland & Farmer has submitted an exhibit showing that its copyrighted EE-1105 floor plan could be located in a search on www.houseplans.com.

Cancilla and Watson constructed the first house at 4009 Willow Lane in Paragould, Arkansas. In May 2006, Josh Brown and Tausha Vowell, recently married, entered into a contract with Pete Cancilla to purchase a home to be newly constructed at 4011 Willow Lane. The home at 4011 Willow Lane house was modeled after the 4009 Willow Lane house, with some changes as requested by Brown and Vowell.[3] Cancilla sent a drawing that showed the layout of the home to the City of Paragould's permitting offices to receive a building permit. He also sent the drawing via facsimile to Bob Wells at Ace Gazaway Hardware. Upon completion of construction, Brown and Vowell moved into and took possession of the house at 4011 Willow Lane. Breland & Farmer contends that the drawing is a copy of EE-1105.

Breland & Farmer filed its complaint against the defendants on February 12, 2009. Breland & Farmer alleges that the defendants, without knowledge or intent, infringed one of its copyrights in violation of 17 U.S.C. §§ 101 and 106(1)-(3). In the alternative, the complaint alleges that the defendants willfully infringed one of Breland & Farmer's copyrights in violation of the same statutory provisions.

## III.

Breland & Farmer moves for summary judgment only against defendants Pete Cancilla and Josh Brown. Breland & Farmer seeks summary judgment on the following four items: (1) Breland & Farmer owns a valid copyright on its EE-1105 blueprint; (2) the EE-1105 blueprint was registered prior to the alleged infringements of Cancilla and Brown, meaning that Breland & Farmer has complied with 17 U.S.C. § 412(2) and thus would be entitled to statutory damages and attorneys

---

[3] Brown and Cancilla were coworkers at Primetime Rentals and shared office space. Sometime during 2006, Brown had seen the floor plan on their shared desk, although he does not recall Cancilla discussing the plan or how it came to be on the desk.

fees; (3) Cancilla violated 17 U.S.C. § 106(1) and (3); and (4) Brown vicariously infringed Breland & Farmer's copyright.

Neither defendant disputes that Breland & Farmer has a valid and enforceable copyright on its EE-1105 blueprint. Breland & Farmer has submitted evidence of its registration of the EE-1105 plan with the United States Copyright Office. Therefore, for purposes of this litigation, there is no genuine issue of material fact as to whether Breland & Farmer's copyright on the EE-1105 blueprint is valid and enforceable.

Neither do the defendants dispute that the EE-1105 blueprint was registered prior to the alleged infringements or that Breland & Farmer would be entitled to statutory damages and attorneys fees if it prevailed on the merits. In its supportive brief, Breland & Farmer states only that it must comply with 17 U.S.C. § 412 in order to receive statutory damages and attorneys fees. Section 412 states, in relevant part, that "no award of statutory damages or of attorney's fees . . . shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412(2). Breland & Farmer argues that its EE-1105 blueprint was registered prior to the commencement of the alleged infringements, meaning it would be entitled to statutory damages and attorneys fees. Again, there appears to be no genuine issue of material fact on this point, that Breland & Farmer, if successful on the merits at trial, would be entitled to statutory damages and attorneys fees because its copyright was registered prior to the alleged infringements.

As to the remaining two items, however, genuine issues of material fact remain. Regarding defendant Cancilla, Breland & Farmer argues that he violated 17 U.S.C. § 106(1) and (3) when he

sent the drawing at issue via facsimile to Ace Gazaway Hardware and filed a photocopy of the drawing to obtain a building permit. Section 106 states, in relevant part, that

> the owner of copyright under this title has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending....

17 U.S.C. § 106(1) and (3). "Anyone who violates any of the exclusive rights of the copyright owner, that is, anyone who trespasses into his exclusive domain by using or authorizing the use of the copyrighted work in one of the . . . ways set forth in [§ 106], is an infringer of the copyright." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433, 104 S. Ct. 774, 784, 78 L. Ed. 2d 574 (1984) (internal quotes omitted).

The drawing that Cancilla faxed to the hardware store and filed to obtain a building permit does not appear to be a copy of EE-1105; instead, it appears to be a copy of a drawing found at www.houseplans.com, specifically plan #45-254. That drawing is the second page of Exhibit 7. Document #59-10, p. 2 of 6. It is a drawing of a floor plan for a three-bedroom, 1168 square feet house. It appears that blueprints for building a home can be purchased at that website, but the drawing is not a blueprint. The website says, "all images are copyrighted by the designer," but the copy used by Cancilla does not bear that language. The drawing faxed to the hardware store and filed to obtain a building permit is not a blueprint and does not include the detail needed for building a house.

Cancilla says that the drawing at issue, which bears no identifying marks, has been in his possession for some period of time. Cancilla says he does not recall how he came to be in possession of the drawing or whether he downloaded the plan from a particular internet website. He

denies that he visited www.houseplans.com before the commencement of this action. He also denies that he used that drawing to build the house. Cancilla admits that the floor plan for the Willow Lane homes is very similar to the EE-1105 floor plan, but he says that they are not identical. Among other things, the exterior construction of the Willow Lane homes is very different from the exterior of the EE-1105 plan.

If Cancilla in fact used the EE-1105 blueprint, then he would have infringed on Breland & Farmer's copyright, as its copyright on the EE-1105 blueprint is not in dispute. Cancilla says that the plan he used is not the EE-1105 blueprint. The drawing used by Cancilla does not bear a copyright mark. Absent proof that Cancilla took the drawing he used from a blueprint or drawing copyrighted by Breland & Farmer, the Court cannot grant summary judgment to Breland & Farmer.

Regarding Josh Brown, Breland & Farmer alleges that he vicariously infringed its patent by purchasing and taking possession of the newly constructed 4011 Willow Lane house. "One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grosser, Ltd.*, 545 U.S. 913, 930, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005) (internal citations omitted). In the Eighth Circuit, the prerequisites for vicarious copyright infringement are (1) the right and ability to supervise the infringing activity and (2) an obvious and direct financial interest in exploitation of copyright materials. *Blair v. World Tropics Productions, Inc.*, 502 F. Supp. 2d 828, 837 (W.D. Ark. 2007) (quoting *RCA/Ariola International, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 781 (8th Cir. 1988)).

Breland & Farmer admits that Brown had no right or ability to supervise Cancilla's infringements of faxing the drawing, photocopying it, and filing it for a building permit. Rather,

Breland & Farmer says that Brown exercised control over Cancilla's infringement "[w]hen Brown walked through 4009 Willow with Pete Cancilla (before agreeing to purchase the house that was to be built at 4011 Willow), whilst knowing that the floor plan of 4011 Willow was going to look just like 4009 Willow, and then making a minor plumbing change to the plan." However, the faxing and filing of the plan are the two actions that Breland & Farmer says constitute infringement on the part of Cancilla. Therefore, to show vicarious infringement, Breland & Farmer would have to show that Brown had the right or ability to supervise Cancilla's actions in faxing the floor plan to Ace Gazaway Hardware and filing the plan for a building permit from the City of Paragould. There is no evidence that Brown had the right or ability to supervise those actions.[4] Although Brown had the ability to observe the floor plan of the 4009 Willow Lane house prior to the construction of the 4011 Willow Lane house, the mere knowledge that 4011 would look the same as 4009 Willow Lane does not constitute exercising supervision over Cancilla's infringement of the EE-1105 plan, even if Cancilla did infringe that copyright. Breland & Farmer's argument and evidence shows only that Brown knew that 4011 would look like 4009 Willow Lane—not that Brown knew that 4009 and 4011 Willow Lane were based on a copyrighted floor plan.

Even if it was undisputed that Brown had the right or ability to supervise Cancilla's allegedly infringing activity, Breland & Farmer offers no evidence showing that Brown had an obvious and direct financial interest in exploiting the copyrighted materials. In his response, Brown argues:

> Plaintiff has offered no proof whatsoever that Cancilla reduced the price of the home because he was able to save money by not paying the licensing fee for the floor plan. As a prerequisite for vicarious liability in this case, plaintiff must show that Brown

---

[4] The Court also recognizes that because summary judgment is not granted on Breland & Farmer's claims against Cancilla, it follows that summary judgment cannot be granted on its claim that Brown vicariously infringed via Cancilla's actions.

had an "obvious and direct financial interest" in violating plaintiff's copyright, but plaintiff cannot establish this essential element.

In its reply, Breland & Farmer does not refute Brown's argument on this point, and again makes no mention of how Brown had an obvious and direct financial interest in Cancilla's allegedly infringing activity.  As the moving party, Breland & Farmer bears the initial burden of showing that there is no genuine issue of material fact on its claim against Brown.  It has failed to meet that burden.  Therefore, summary judgment in favor of Breland & Farmer on its claim against Brown for vicarious infringement is inappropriate at this time.

## CONCLUSION

For the foregoing reasons, Breland & Farmer's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.  Document #58.  Summary judgment is granted on Breland & Farmer's claims that it owns a valid copyright on the EE-1105 house plan and that it may be entitled to statutory damages and attorneys' fees if it prevails on the merits at trial.  Breland & Farmer's motion for summary judgment on its claims against defendants Cancilla and Brown is denied.

IT IS SO ORDERED this 12th day of April, 2010.

_J. Leon Holmes_
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE